UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

____

CORY COSTON,

                Plaintiff,                Case No. 1:17-cv-249

v.                                                  Honorable Paul L. Maloney

CORIZON, INC. et al.,

                Defendants.

_____/

## OPINION

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint on grounds of immunity against Michigan Department of Corrections (MDOC) Bureau of Health Care (also described as the department or office of health care). The Court will serve the complaint against Defendants Corizon Inc., Papendick, Orlebeke, Johnston, Lindstrom, Peek, Rider, and Roberts-Spreeman.

**Discussion**

I. <u>Factual allegations</u>

Plaintiff is presently incarcerated at the Lakeland Correctional Facility in Coldwater, Michigan. He complains that Defendants have been deliberately indifferent to Plaintiff's serious medical needs during his placement at Lakeland. Plaintiff is suing Corizon, Inc. (Corizon) and the Michigan Department of Corrections Bureau of Health Care; Corizon Doctors Keith Papendick and Erin Orlebeke; MDOC Doctor Oliver L. Johnson; Lakeland Correctional Facility Nurses Randy Lindstrom, Hope Peek, Rhonda Rider, and Betsy Roberts-Spreeman; and unknown John Does and Jane Does employed by the MDOC or Corizon who participated in the failure to properly care for Plaintiff.

Plaintiff suffers from sudden, involuntary jerking of muscles or groups of muscles, known as myoclonus. He has been diagnosed with epilepsy. Since Plaintiff's initial onset of symptoms in January of 2014 to date, he claims the Defendants have been deliberately indifferent to his serious medical needs. One example of that indifference was exhibited recently by Defendant Rider who, Plaintiff claims, orchestrated Plaintiff's move from the Special Need Unit at Lakeland to general population based on a false claim that Plaintiff did not medically need to be in the Special Need Unit. Plaintiff asserts that Defendant Rider took this action in retaliation for Plaintiff filing grievances and health care requests. Plaintiff contends the indifference was been demonstrated repeatedly by Defendants in their failure to take his complaints seriously, to provide the care recommended by a neurologist, or to revise the plan of care as Plaintiff's condition worsens. Plaintiff supports his allegations with pages from his healthcare record and copies of his grievances as well as the MDOC responses.

Plaintiff seeks compensatory and punitive damages in the amount of $500 per day from January of 2014 to date.

    II.    <u>Failure to state a claim</u>

A complaint may be dismissed for failure to state a claim if it fails "'to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quoting FED. R. CIV. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994). Here, Plaintiff alleges that Defendants have been deliberately indifferent to his serious medical needs in violation of his Eighth Amendment rights. He further alleges that Defendant Rider has retaliated against him for filing grievances by moving him from the Special Needs Unit to the general population, in violation of Plaintiff's First Amendment rights.

II. Immunity

Plaintiff may not maintain a § 1983 action against the Michigan Department of Corrections. Regardless of the form of relief requested, the states and their departments are immune under the Eleventh Amendment from suit in the federal courts, unless the state has waived immunity or Congress has expressly abrogated Eleventh Amendment immunity by statute. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 98-101 (1984); *Alabama v. Pugh*, 438 U.S. 781, 782 (1978); *O'Hara v. Wigginton*, 24 F.3d 823, 826 (6th Cir. 1993). The MDOC's Bureau of Health Care Services is a part of the MDOC and likewise entitled to Eleventh Amendment immunity. *See, e.g., Longwish v. Michigan Dep't of Corr. Bureau of Health Care Servs.*, No. 12-cv-53, 2012 WL 443023, at *1 (W.D.Mich. Feb.10, 2012) ("As a division of the MDOC, the Bureau of Health Care Services also is immune."); *Sain v. Caruso*, No. 11-cv-63, 2011 WL 1458403, at *1 (W.D.Mich. Apr.15, 2011) ("The Court also will dismiss Defendant Bureau of Health Care Services because it

is immune."); *Hardy v. Wohlfert*, No. 10-cv-1087, 2010 WL 5146590, at *1, *2 (W.D. Mich. Dec. 13, 2010) (holding that BHCS "is a division of the MDOC" and therefore "immune from suit.").

Congress has not expressly abrogated Eleventh Amendment immunity by statute, *Quern v. Jordan*, 440 U.S. 332, 341 (1979), and the State of Michigan has not consented to civil rights suits in federal court. *Abick v. Michigan*, 803 F.2d 874, 877 (6th Cir. 1986). In numerous unpublished opinions, the Sixth Circuit has specifically held that the MDOC is absolutely immune from suit under the Eleventh Amendment. *See, e.g.*, *McCoy v. Michigan*, 369 F. App'x 646, 653-54 (6th Cir. 2010); *Turnboe v. Stegall*, No. 00-1182, 2000 WL1679478, at *2 (6th Cir. Nov. 1, 2000). In addition, the State of Michigan (acting through the MDOC or the MDOC's department or bureau of healthcare services) is not a "person" who may be sued under § 1983 for money damages. *See Lapides v. Bd. of Regents*, 535 U.S. 613 (2002) (citing *Will v. Mich. Dep't of State Police*, 491 U.S. 58 (1989)). Therefore, the Court dismisses the Michigan Department of Corrections Bureau of Health Care Services.

### III.    Remaining claims

Upon review, the Court concludes that Plaintiff's remaining Eighth Amendmnet allegations against Defendants Corizon, Papendick, Orlebeke, Johnston, Lindstrom, Peek, Rider, and Roberts-Spreeman, and First Amendment allegations against Defendant Rider, are sufficient to warrant service of the complaint.

### **Conclusion**

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Defendant Michigan Department of Corrections Bureau of Health Care Services will be dismissed on grounds of immunity pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42

U.S.C. § 1997e(c). The Court will serve the complaint against Defendants Corizon, Papendick, Orlebeke, Johnston, Lindstrom, Peek, Rider, and Roberts-Spreeman.[1]

An Order consistent with this Opinion will be entered.


Dated:   April 3, 2017                           /s/ Paul L. Maloney
                                                    Paul L. Maloney
                                                    United States District Judge

---

[1] The Court lacks sufficient information at this juncture to order service of the complaint on the unknown parties identified by Plaintiff as John Does and Jane Does.