UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CORY COSTON, #194241,                          )
                              Plaintiff,       )
                                               )          No. 1:17-cv-249
-v-                                            )
                                               )          Honorable Paul L. Maloney
CORIZON, INC., et al.,                         )
                              Defendants.       )
                                               )

## ORDER ADOPTING REPORT AND RECOMMENDATION

Plaintiff Cory Coston, a prisoner under the control of the Michigan Department of Corrections (MDOC), filed this lawsuit under § 1983 alleging violations of his constitutional rights.  Currently pending are three motions for summary judgment filed by the defendants. (ECF Nos. 41, 45, and 52.)  The magistrate judge reviewed the motions and issued a report with recommendations to dismiss the remaining claims.  (ECF No. 72.)  Plaintiff filed objections.  (ECF No. 73.)

After being served with a report and recommendation (R&R) issued by a magistrate judge, a party has fourteen days to file written objections to the proposed findings and recommendations.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2).  A district court judge reviews de novo the portions of the R&R to which objections have been filed.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).  Only those objections that are specific are entitled to a de novo review under the statute.  *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (per curiam).  "[A]n objection that does nothing more than state a disagreement with the magistrate's suggested resolution, or simply summarizes what has been presented before, is

not an 'objection' as that term is used in the context of Federal Rule of Civil Procedure 72."

*Brown v. City of Grand Rapids, Michigan*, No. 16-2433, 2017 WL 4712064, at *2 (6th Cir.

June 16, 2017).

The Court has reviewed the report and recommendation and objections.   The

objections have been considered de novo.   Generally, the Court finds that the R&R

accurately summarizes the facts relevant to each of Plaintiff's claims.   To the extent Plaintiff

disagrees with any particular fact, Plaintiff has not sufficiently established that the mistake

necessarily requires a different outcome than what the magistrate judge has recommended.

Plaintiff has not identified any error in the summary of the law that applies to his claims.   At

best, Plaintiff merely disagrees with the manner in which the law has been applied to facts.

1. Dismissal of John and Jane Doe.  Plaintiff does not object to this recommendation.

2.  Dismissal of damages claims against MDOC officials as barred by the Eleventh

amendment.  Plaintiff does not object to this recommendation.

3.  Dismissal of claims against Corizon Defendants because Plaintiff failed to exhaust

his administrative remedies.  Plaintiff objects, asserting that he did file a grievance for the

denial of medical care.  (Obj. PageID.761.)  The magistrate judge found that Plaintiff filed a

grievance, but that the grievance was insufficient to exhaust remedies.  Plaintiff's objection

does not address the reason that he failed to exhaust his administrative remedies.  Therefore,

Plaintiff's objection is overruled.

4.  Dismissal of claims against MDOC and Corizon defendants on the merits.

A.  Eighth Amendment.  The magistrate judge recommended finding that the

evidence in the record did not support either the objective or subjective prongs for an Eighth

Amendment claim.  Plaintiff objected.  Plaintiff has not met his evidentiary burden for this claim, which was provided in *Rhinehart v. Scutt*, 894 F.3d 721, 737 (6th Cir. 2018) and outlined in the R&R.  Plaintiff does not meet his burden simply by providing objective medical evidence of serious condition.  Rather, Plaintiff must establish, with evidence, that the treatment, or lack of treatment, had a detrimental effect on his condition.  And, Plaintiff has not provided any medical evidence that the treatment he received, delayed or otherwise, was detrimental.  His own assertions are merely disagreements with the treatment he received and are not sufficient to sustain his burden.  And, the fact that doctors were aware of his medical condition, and did not approve treatment Plaintiff sought, does not establish the subjective prong of an Eighth Amendment claim.  Plaintiff's objection is overruled.

   B. Policy or custom of Defendant Corizon. The magistrate judge recommended finding that Plaintiff had not presented evidence to support the conclusion that a policy or custom of Corizon caused the constitutional violation of which Plaintiff complains.  For his objection, Plaintiff quotes Corizon's answers to discovery questions.  Those answers are objections and do not provide any basis for reaching a conclusion contrary to the magistrate judges' recommendations.  Objections to the R&R concerning summary judgment motions are not the proper place to relitigate discovery disputes.  And, the fact that Corizon objected to the discovery does not establish a policy or custom.  Plaintiff's objection is overruled.

   C. First Amendment retaliation against Defendant Rider.  The magistrate judge recommended finding that the decision to move Plaintiff to general population was not an adverse act and that Plaintiff failed to present evidence that Defendant Rider had the

authority to make the decision.   Plaintiff does not address the first part of the recommendation.  Plaintiff believes that his assertion, verified or otherwise, that Defendant Rider had the authority to make the decision is sufficient to meet his burden.  Plaintiff is wrong; the decision must be made by a treating physician.  Plaintiff's objection is overruled.


        Having overruled Plaintiff's objections, the Report and Recommendation (ECF No. 72) is **ADOPTED** as the Opinion of this Court.  The claims against John and Jane Doe are **DISMISSED WITHOUT PREJUDICE.**   The claims for damages against MDOC Defendants are **DISMISSED**.  Defendants' motions for summary judgment (ECF Nos. 45 and 52), which address Plaintiff's claims on the merits, are **GRANTED.**   Corizon Defendants' alternative motion for summary judgment for failure to exhaust administrative remedies (ECF No. 41) is **GRANTED.**

        **IT IS SO ORDERED.**


Date:   September 28, 2018                             /s/ Paul L. Maloney
                                                        Paul L. Maloney
                                                        United States District Judge